UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Roberto Alexander Trejo Gomez,<br>Petitioner<br>v.<br>Todd Blanche, et al.,<br>Respondents | Case No. 2:26-cv-02385-CDS-DJA<br>**Order Granting Petitioner's Motion to Dismiss**<br>[ECF No. 5] |

Counsel for petitioner Roberto Alexander Trejo Gomez voluntarily moves to dismiss the petition for writ of habeas corpus because Trejo Gomez was released on bond on August 18, 2026. Mot., ECF No. 5. Counsel asserts that, although they have been unable to contact Trejo Gomez to independently verify his release, the respondents' representation that he has been released renders the petition moot. *Id.* at 2.

A writ of habeas corpus permits a petitioner to challenge the legality or duration of his detention. *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). A court's authority under the writ, however, is generally limited to ordering the petitioner's release from unlawful detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also Demore v. Kim*, 538 U.S. 510, 517 (2003).

Here, when Trejo Gomez filed his petition, he was in immigration custody in this district and challenging the legality of his continued detention. ECF No. 1. However, it appears that he has since been released from custody. The court therefore "can no longer provide him the primary relief sought in his habeas corpus petition," rendering his petition moot. *See Munoz v. Rowland*, 104 F.3d 1096, 1097–98 (9th Cir. 1997); *see also, e.g., Singh v. Bowen*, 2025 WL 3679185, at *1 (C.D. Cal Dec. 18, 2025) (dismissing as moot petition where petitioner was released from

immigration custody). Indeed, "a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack*, 395 U.S. 486 (1969). Through his habeas petition, Trejo Gomez seeks only release from custody. Because he has since been released, there is no further relief that the court can provide.

## Conclusion

IT IS HEREBY ORDERED that the petition for writ of habeas corpus is moot following Trejo Gomez's release from immigration custody. Therefore, the petition is dismissed without prejudice. The Clerk of the Court is kindly directed to close this case.

Dated: September 10, 2026



Cristina D. Silva
United States District Judge